IN THE UNITED STATES DISTRICT COURT
FOR THIS DISTRICT OF COLUMBIA

| | |
|---|---|
| ESTATE OF MICHAEL HEISER, et al. | |
| Plaintiffs | Case No. |
| v. | 00-CV-02329 (TPJ) (DAR) |
| ISLAMIC REPUBLIC OF IRAN<br>Ministry of Foreign Affairs<br>Khomeini Avenue<br>United Nations Street<br>Tehran, Iran | |
| and | |
| THE IRANIAN MINISTRY OF<br>INFORMATION AND SECURITY<br>Pasdaran Avenue<br>Golestan Yekom<br>Tehran, Iran | |
| and | |
| THE IRANIAN ISLAMIC<br>REVOLUTIONARY GUARD CORPS<br>Pasdaran Avenue<br>Golestan Yekom<br>Tehran, Iran | |
| Defendants | |

**THIRD AMENDED COMPLAINT**

On June 25, 1996, Hizbollah terrorists detonated a 5,000 pound truck bomb outside of Khobar Towers, a United States military complex in Dhahran, Saudi Arabia. The blast from this bomb sheared-off the entire face of the Khobar Towers complex, shattered windows up to a half-mile away, shook the ground up to twenty miles away in the nation of Bahrain, and left in its wake a crater measuring eighty-feet wide and thirty-five feet deep. It killed nineteen Air Force

servicemen.  Plaintiffs are the Estates and family members of five servicemen who were killed in the attack.[1]

The Hizbollah terrorist organization is a creation and agent of the Islamic Republic of Iran, which has provided Hizbollah with funds, training, and direction for over fifteen years.  In 1995, Hizbollah began plotting a terrorist attack against United States interests in Saudi Arabia. It selected a target, developed a scheme for the attack, purchased explosives and triggering devices, and ultimately detonated a bomb outside of Khobar Towers.  Under United States law, the Islamic Republic of Iran – which funds, trains, and directs Hizbollah through the Iranian Ministry of Information and Security and the Iranian Islamic Revolutionary Guard Corps – is responsible for this terrorist attack and for the murder of Master Sergeant Michael Heiser, Captain Leland Timothy Haun, Airman First-Class Justin R. Wood, Senior Airman Earl F. Cartrette, Jr., and Airman First-Class Brian McVeigh (collectively, "Decedents").

Plaintiffs move for judgment against Defendants, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guard Corps, jointly and severally.  In support of their Complaint, Plaintiffs allege as follows:

---

[1]  Plaintiffs include (1) the Estate of Michael Heiser, deceased; (2) Gary Heiser; (3) Frances Heiser; (4) the Estate of Leland Timothy Haun, deceased; (5) Ibis S. Haun; (6) Milagritos Perez-Dalis; (7) Senator Haun; (8) the Estate of Justin R. Wood, deceased; (9) Richard W. Wood; (10) Kathleen M. Wood; (11) Shawn M. Wood; (12) the Estate of Earl F. Cartrette, Jr., deceased; (13) Denise M. Eichstaedt; (14) Anthony W. Cartrette; (15) Lewis W. Cartrette; (16) the Estate of Brian McVeigh, deceased; (17) Sandra M. Wetmore; and (18) James V. Wetmore. This case has been consolidated for trial with Cambpell et al. v. Islamic Republic of Iran et al., Case No. 01-CV02104 (TPJ).  Collectively, the Heiser and Campbell plaintiffs represent the families of 17 of the 19 servicemen who were killed in the Khobar Towers attack.

## JURISDICTION, VENUE,
## CHOICE OF LAW, AND CAUSES OF ACTION

1.      Defendants, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Islamic Revolutionary Guard Corps, are subject to suit in the courts of the United States pursuant to the Foreign Sovereign Immunities Act, as amended, 28 U.S.C. § 1605(a)(7).

2.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1330(a), 1331, and 1332(a)(2).

3.      Venue is proper in this District Court pursuant to 28 U.S.C. § 1391(f)(4).

4.      Actions for wrongful death, personal injury, intentional infliction of emotional distress, and related torts perpetrated by foreign state sponsors of terrorism through their officials, employees, and agents – within the meaning of 28 U.S.C. § 1605(a)(7) – are unique causes of actions arising out of federal counter-terrorism statutes and are controlled by federal law.

5.      The Causes of Action contained in the seven Counts later enumerated in this Third Amended Complaint are based on the following sources of law:

        A.      28 U.S.C. § 1605(a)(7) and the Flatow Amendment;

        B.      28 U.S.C. § 1606, solely as to the Islamic Republic of Iran;

        C.      Federal common law;

        D.      International law, as set forth primarily in §§ 701 and 702 of the Restatement (Third) of the Foreign Relations Law.   In this instance, Defendants violated a definable, universal, and obligatory norm of an international character accepted by the civilized world. One who commits an extra-judicial murder by terrorism is *hostis humani generis*, an enemy of all mankind;

        E.      State wrongful death and survival laws, whether statutory or common law; and

3

F.      State common law with respect to intentional infliction of emotional distress.

## THE PARTIES

6.      Plaintiff the Estate of Michael Heiser is the legal entity created to recover damages on behalf of Michael Heiser, deceased, and his heirs-at-law, arising from the June 25, 1996, terrorist attack on Khobar Towers.  Plaintiffs Gary Heiser and Frances Heiser are in the process of opening the Estate and are expected to be named as co-Administrators of the Estate of Michael Heiser, deceased.

7.      Plaintiff Gary Heiser is a United States citizen and a domiciliary of the State of Florida.  He is the father of Michael Heiser, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

8.      Plaintiff Fran Heiser is a United States citizen and a domiciliary of the State of Florida.  She is the mother of decedent Michael Heiser, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

9.      Plaintiff the Estate of Leland Timothy Haun is the legal entity created to recover damages on behalf of Leland Timothy Haun, deceased, and his heirs-at-law, arising from the June 25, 1996, terrorist attack on Khobar Towers.  Plaintiff Ibis S. Haun is in the process of opening the Estate and is expected to be named as Administrator of the Estate of Leland Timothy Haun, deceased.

10.     Plaintiff Ibis S. Haun is a United States citizen and a domiciliary of the State of Florida.  She is the wife of Leland Timothy Haun, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

11.     Plaintiff Milagritos Perez-Dalis is a United States citizen and a domiciliary of the State of Arizona. She is the step-daughter of Leland Timothy Haun, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

12.     Plaintiff Senator Haun is a United States citizen and a domiciliary of the State of Arizona. He is the step-son of Leland Timothy Haun, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

13.     Plaintiff the Estate of Justin R. Wood is the legal entity created to recover damages on behalf of Justin R. Wood, deceased, and his heirs-at-law, arising from the June 25, 1996, terrorist attack on Khobar Towers. Plaintiff Richard W. Wood is in the process of opening the Estate and is expected to be named as Administrator of the Estate of Justin R. Wood, deceased.

14.     Plaintiff Richard W. Wood is a United States citizen and a domiciliary of the State of California. He is the father of Justin R. Wood, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

15.     Plaintiff Kathleen M. Wood is a United States citizen and a domiciliary of the State of California. She is the mother of Justin R. Wood, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

16.     Plaintiff Shawn M. Wood is a United States citizen and a domiciliary of the State of California. He is the brother of Justin R. Wood, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

17.     Plaintiff the Estate of Earl F. Cartrette, Jr. is the legal entity created to recover damages on behalf of Earl F. Cartrette, Jr., deceased, and his heirs-at-law, arising from the June 25, 1996, terrorist attack on Khobar Towers. Plaintiff Denise M. Eichstaedt is in the process of

opening the Estate and is expected to be named as Administrator of the Estate of Earl F. Cartrette, Jr., deceased.

18.     Plaintiff Denise M. Eichstaedt is a United States citizen and a domiciliary of the State of Florida.  She is the mother of Earl F. Cartrette, Jr., who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

19.     Plaintiff Anthony W. Cartrette is a United States citizen and a domiciliary of the State of Florida.  He is a brother of Earl F. Cartrette, Jr., who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

20.     Plaintiff Lewis W. Cartrette is a United States citizen and a domiciliary of the State of Indiana.  He is a brother of Earl F. Cartrette, Jr., who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

21.     Plaintiff the Estate of Brian McVeigh is the legal entity created to recover damages on behalf of Brian McVeigh, deceased, and his heirs-at-law, arising from the June 25, 1996, terrorist attack on Khobar Towers.  Plaintiffs Sandra M. Wetmore is in the process of opening the Estate and is expected to be named as Administrator of the Estate of Brian McVeigh, deceased.

22.     Plaintiff Sandra M. Wetmore is a United States citizen and a domiciliary of the State of Florida.  She is the mother of Brian McVeigh, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

23.     Plaintiff James V. Wetmore is a United States citizen and a domiciliary of the State of Florida.  He is the step-father of Brian McVeigh, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

24.     At the time of the acts described in the Complaint, Decedents Master Sergeant Michael Heiser, Captain Leland Timothy Haun, Airman First-Class Justin R. Wood, Senior Airman Earl F. Cartrette, Jr., and Airman First-Class Brian McVeigh were citizens of the United States. Decedents are victims of "extrajudicial killing," as that term is defined in section 3 of the Torture Victims Protection Act of 1991 (28 U.S.C. § 1350 note), pursuant to 28 U.S.C. §§ 1605(a)(7) and 1605(e)(1).

25.     Defendant the Islamic Republic of Iran ("Iran") is a foreign state and has been a designated state sponsor of terrorism – pursuant to section 6(j) of the Export Administration Act of 1979 (50 U.S.C. App. § 2405(j)) and section 602A of the Foreign Assistance Act of 1961 (22 U.S.C. § 2371) – since January 19, 1984. Iran provides material support and resources to Hizbollah, a politico-paramilitary terrorist organization. Iran funds, directs, and trains Hizbollah terrorist, and is therefore a sponsor of Hizbollah, within the meaning of 28 U.S.C. §§ 1605(a)(7) and 1605 note.

26.     Defendant the Iranian Ministry of Information and Security ("MOIS") is Iran's intelligence service. MOIS operates both within and beyond Iran's borders. MOIS, acting as an agent of Iran, performed acts within the scope of its agency – and within the meaning of 28 U.S.C. §§ 1605(a)(7) and 1605 note – which caused the terrorist attack on Khobar Towers, as described below. Specifically, MOIS provided funds, training, and direction to Hizbollah for its terrorist activities, including the June 25, 1996, terrorist attack on Khobar Towers.

27.     On several occasions over the past few years, this Court has held Iran and MOIS liable – as foreign state sponsors of international terrorism, pursuant to 28 U.S.C. 1605(a)(7) –

for Hizbollah's terrorist acts and killings.[2]  Iran and MOIS are, therefore, collaterally estopped

from denying that they are liable for Hizbollah's actions.

28.     Defendant, the Iranian Islamic Revolutionary Guard Corps, (the "IRGC"), is a

non-traditional agency of Iran.  The IRGC, with its own separate ministry, has evolved into one

of the most powerful organizations in Iran and functions as an intelligence organization, both

within and beyond Iran's borders.  The IRGC exerts considerable influence on the government

policies of Iran.  It has become a powerful military instrument for defending and furthering

Iran's Islamic fundamentalist revolution and is dedicated to the export of Islamic fundamentalist

principles throughout the world through acts of terrorism.  The IRGC, acting as an agent of Iran,

performed acts within the scope of its agency – and within the meaning of 28 U.S.C.

§§ 1605(a)(7) and 1605 note – in providing funds, training, and direction to Hizbollah for its

terrorists activities, including the June 25, 1996, terrorist attack on Khobar Towers, as described

below.

29.     This Court found the IRGC liable – as a foreign state sponsor of terrorism under

28 U.S.C. § 1605(a)(7) – for Hizbollah's terrorist acts and killings in Surette v. Islamic Republic

of Iran, Case No. 01-0570 (D.D.C. 2002), and Higgins v. Islamic Republic of Iran, Case No. 99-

---

[2]   See, e.g., Surette v. Islamic Republic of Iran, Civil Action No. 01-0570 (D.D.C. November 1, 2002); Carlson v.
Islamic Republic of Iran, Civil Action No. 00-01309 (D.D.C. April 19, 2002); Stethem v. Islamic Republic of
Iran, Civil Action No. 00-0159 (D.D.C. April 19, 2002); Wagner v. Islamic Republic of Iran, 172 F. Supp.2d 128
(D.D.C. 2001); Jenco v. Islamic Republic of Iran, 2001 WL 871766 (D.D.C. November 1, 2001); Polhill v.
Islamic Republic of Iran, Civil Action No. 00-1789 (D.D.C. August 23, 2001); Sutherland v. Islamic Republic of
Iran, 151 F. Supp.2d 27 (D.D.C. 2001); Anderson v. Islamic Republic of Iran, 90 F. Supp.2d 107 (D.D.C. 2000);
and Higgins v. Islamic Republic of Iran, Case No. 1:99cv00377 (D.D.C. September 21, 2000).

0377 (D.D.C. 2000). The IRGC is, therefore, collaterally estopped from denying that it is liable for Hizbollah's actions.

## STATEMENT OF FACTS

30.     In the early 1980's, Iran developed a program of carefully planned terrorist acts designed to destabilize governments in the Middle East and export principles of Islamic fundamentalism. Its principal agents in planning, supporting, and executing these acts were MOIS and the IRGC.

31.     Around this same time, Iran – through MOIS and the IRGC – established Hizbollah as a terrorist organization tasked with spreading Islamic fundamentalism and destabilizing governments through terrorist acts, such as kidnapping, torture, and murder. MOIS and the IRGC provided funding, training, and equipment to Hizbollah and enabled it to pursue and achieve its goals, through the use of terrorism.

32.     By the early 1990's, Hizbollah established operations in a number of countries utilizing the tactics and training taught to them in Iran and at facilities outside of Iran, which were established, operated, and supported by Iran through MOIS and the IRGC.

33.     In the early 1990's, the United States military developed a presence in Saudi Arabia. Iran viewed the presence of United States personnel, including members of the United States armed forces, as supportive of the Saudi monarchy. Iran believed that the Saudi monarchy was pro-Western and corrupt and that a large-scale terrorist operation designed to kill Americans would result in both revolution and the establishment of an Islamic Republic of Saudi Arabia.

The Iranian government, acting through MOIS and the IRGC and in concert with Hizbollah, began preparations for the bombing of a target associated with American interests.

34.   In 1995, Iran, through MOIS and the IRGC, began months of preparation for such an operation.  Hizbollah operatives began to scout potential United States targets in Saudi Arabia.  Shipments of explosives were smuggled into Saudi Arabia and stored.  An elaborate professional intelligence network was established to carry out the bombing.

35.   By June 1996, bomb components, including high explosives, incendiary materials, and sophisticated fuses and tools used for the bomb assembly, arrived in Saudi Arabia.  Agents of Defendants Iran, MOIS, and the IRGC selected and approved a target in Dhahran, Saudi Arabia, to be destroyed by Hizbollah agents:  Khobar Towers, a multi-story apartment building in the al-Khobar section of Dhahran, which housed United States Air Force and other United States military personnel.

36.   In June 1996, Decedents, Master Sergeant Michael Heiser, Captain Leland Timothy Haun, Airman First-Class Justin R. Wood, Senior Airman Earl F. Cartrette, Jr., and Airman First-Class Brian McVeigh were United States citizens and members of the United States Air Force.  They were stationed in Dhahran, Saudi Arabia, and resided in Khobar Towers.  Decedents were tasked with enforcing the "no-fly zone" in southern Iraq.

37.   On the evening of June 25, 1996, two Hizbollah terrorists parked a stolen Mercedes Benz tanker truck containing a 5,000 pound bomb outside of the American sector of the Khobar Towers complex.  They parked the truck approximately 80 to 100 feet from the

complex.   The two terrorists then escaped in a stolen getaway car.   Minutes later, the bomb exploded.

38.    The blast from the explosion sheared-off the entire face of the Khobar Towers complex, shattered windows a half-mile away, shook the ground up to twenty miles away in the nation of Bahrain, and left in its wake a crater measuring eighty-five feet wide and thirty-five feet deep.

39.    The explosion killed nineteen United States Air Force servicemen, including Master Sergeant Michael Heiser, Captain Leland Timothy Haun, Airman First-Class Justin R. Wood, Airman First-Class Brian McVeigh, and Senior Airman Earl F. Cartrette, Jr.

## COUNT I
## WRONGFUL DEATH

40.    Paragraphs 1 through 39 are incorporated herein as if fully set forth.

41.    As a direct and proximate result of the willful, wrongful, intentional, and reckless acts of Hizbollah members, Michael Heiser, Leland Timothy Haun, Justin R. Wood, Brian McVeigh, and Earl F. Cartrette, Jr. were killed by the explosion of a bomb deliberately detonated by Hizbollah outside of the Khobar Towers complex in Dhahran, Saudi Arabia.

42.    Defendants Iran, MOIS, and the IRGC are directly and vicariously responsible for Hizbollah's actions, because they funded, trained, and directed Hizbollah and acted in concert with Hizbollah in sponsoring the terrorist attack on Khobar Towers.

43.    As a proximate result of these acts, Plaintiffs have been injured.

44.     For the reasons stated above, Defendants are jointly and severally liable to Plaintiffs.

Plaintiffs demand that judgment be entered against Defendants Iran, MOIS, and the IRGC, jointly and severally, in the amount of TWENTY MILLION DOLLARS ($20,000,000) for each Plaintiff.

## COUNT II
## SURVIVAL ACTION

45.     Paragraphs 1 through 44 are incorporated herein as if fully set forth.

46.     Before their deaths, Decedents Michael Heiser, Leland Timothy Haun, Justin R. Wood, Earl F. Cartrette, Jr., and Brian McVeigh suffered extreme bodily pain and suffering as a result of the Khobar Towers bombing, thereby entitling their Estates to compensatory damages.

47.     Defendants Iran, MOIS, and the IRGC are directly and vicariously responsible for Hizbollah's actions, because they funded, trained, and directed Hizbollah and acted in concert with Hizbollah in sponsoring the terrorist attack on Khobar Towers.

48.     As a proximate result of these acts, Plaintiffs have been injured.

49.     For the reasons stated above, Defendants are jointly and severally liable to Decedents' Estates.

Plaintiffs demand that judgment be entered against Defendants Iran, MOIS, and the IRGC, jointly and severally, in the amount of TWENTY MILLION DOLLARS ($20,000,000) for each Decedent's Estate.

## COUNT III
## ECONOMIC DAMAGES

50.     Paragraphs 1-49 are incorporated herein as if fully set forth.

51.     As a direct and proximate result of the willful, wrongful, intentional, and reckless acts of Hizbollah members, Plaintiffs incurred economic damages through the deprivation of Decedents' income.

52.     Defendants Iran, MOIS, and the IRGC are directly and vicariously responsible for Hizbollah's actions, because they funded, trained, and directed Hizbollah and acted in concert with Hizbollah in sponsoring the terrorist attack on Khobar Towers.

53.     As a proximate result of these acts, Plaintiffs have been injured.

54.     For the reasons stated above, Defendants are jointly and severally liable to Decedents' Estates.

Plaintiffs demand that judgment be entered against Defendants Iran, MOIS, and the IRGC, jointly and severally, in an amount to be determined at trial for each Decedent's Estate.

## COUNT IV
## INTENTIONAL INFLICTION
## OF EMOTIONAL DISTRESS

55.     Paragraphs 1-54 are incorporated herein as if fully set forth.

56.     The act of detonating a bomb outside of the Khobar Towers complex in Dhahran, Saudi Arabia, with the intent to kill Americans and to cause emotional distress and grief to the Plaintiffs, and which, in fact, did kill Americans Michael Heiser, Leland Timothy Haun, Justin

R. Wood, Earl F. Cartrette, Jr., and Brian McVeigh, constituted extreme and outrageous conduct on the part of Hizbollah members and agents and all Defendants.

57.     As a direct and proximate result of the willful, wrongful, intentional, and reckless acts of Hizbollah members, whose acts were funded and directed by Iran through its agents MOIS and the IRGC, Plaintiffs suffered extreme emotional distress, including extreme mental anguish, grief, and emotional and physical pain and suffering.

58.     Defendants Iran, MOIS, and the IRGC are directly and vicariously responsible for Hizbollah's actions, because they funded, trained, and directed Hizbollah and acted in concert with Hizbollah in sponsoring the terrorist attack on Khobar Towers.

59.     As a proximate result of these acts, Plaintiffs have been injured.

60.     For the reasons stated above, Defendants are jointly and severally liable to Plaintiffs.

Plaintiffs demand that judgment be entered against Defendants Iran, MOIS, and the IRGC, jointly and severally, in the amount of TWENTY MILLION DOLLARS ($20,000,000) for each Plaintiff.

## COUNT V
## LOSS OF CONSORTIUM

61.     Paragraphs 1-60 are incorporated herein as if fully set forth.

62.     As a direct and proximate result of the willful, wrongful, intentional, and reckless acts of Hizbollah members, whose acts were funded and directed by Iran through its senior officers and agents MOIS and the IRGC, Ibis S. Haun was deprived of the assistance, society,

companionship, and consortium of her husband, Leland Timothy Haun.  This loss caused Ibis S.

Haun to suffer, among other things, extreme mental anguish, grief, and emotional and physical

pain and suffering.

Plaintiff Ibis S. Haun demands that judgment be entered, jointly and severally, against

Iran, MOIS, and the IRGC, in the amount of TEN MILLION DOLLARS ($10,000,000).

## COUNT VI
## SOLATIUM

63.    Paragraphs 1-62 are incorporated herein as if fully set forth.

64.    As a direct and proximate result of the willful, wrongful, intentional, and reckless

acts of Hizbollah members, whose acts were funded and directed by Iran through its senior

officers and agents MOIS and the IRGC, Plaintiffs Frances Heiser and Gary Heiser were

deprived of the assistance, society, and companionship of their son, Michael Heiser.  This loss

caused each of them to suffer, among other things, extreme mental anguish, grief, and emotional

and physical pain and suffering.

65.    As a direct and proximate result of the willful, wrongful, intentional, and reckless

acts of Hizbollah members, whose acts were funded and directed by Iran through its senior

officers and agents MOIS and the IRGC, Plaintiff Ibis S. Haun, Milagritos Perez-Dalis, and

Senator Haun were deprived of the assistance, society, and companionship of their husband and

step-father, Leland Timothy Haun.  This loss caused them to suffer, among other things, extreme

mental anguish, grief, and emotional and physical pain and suffering.

66.     As a direct and proximate result of the willful, wrongful, intentional, and reckless acts of Hizbollah members, whose acts were funded and directed by Iran through its senior officers and agents MOIS and the IRGC, Plaintiffs Richard W. Wood, Kathleen M. Wood, and Shawn M. Wood were deprived of the assistance, society, and companionship of their son and brother, Justin R. Wood. This loss caused each of them to suffer, among other things, extreme mental anguish, grief, and emotional and physical pain and suffering.

67.     As a direct and proximate result of the willful, wrongful, intentional, and reckless acts of Hizbollah members, whose acts were funded and directed by Iran through its senior officers and agents MOIS and the IRGC, Plaintiffs Denise M. Eichstaedt, Anthony W. Cartrette, and Lewis W. Cartrette were deprived of the assistance, society, and companionship of their son and brother, Earl F. Cartrette, Jr. This loss caused each of them to suffer, among other things, extreme mental anguish, grief, and emotional and physical pain and suffering.

68.     As a direct and proximate result of the willful, wrongful, intentional, and reckless acts of Hizbollah members, whose acts were funded and directed by Iran through its senior officers and agents MOIS and the IRGC, Plaintiffs Sandra M. Wetmore and James V. Wetmore were deprived of the assistance, society, and companionship of their son and step-son, Brain McVeigh. This loss caused each of them to suffer, among other things, extreme mental anguish, grief, and emotional and physical pain and suffering.

69.     For the reasons stated above, Defendants are jointly and severally liable to Plaintiffs.

Plaintiffs demand that judgment be entered against the defendants Iran, MOIS, and the IRGC, jointly and severally, in the amount of TWENTY MILLION DOLLARS ($20,000,000) for each Plaintiff.

**COUNT VII**
**PUNTIVE DAMAGES**

70.    Paragraphs 1-69 are incorporated herein as if fully set forth.

71.    The actions of Defendants Iran, MOIS, and the IRGC, acting in concert to carry out their unlawful objectives, were malicious and willful, wanton, and reckless in their disregard of the lives of Michael Heiser, Leland Timothy Haun, Justin R. Wood, Earl F. Cartrette, Jr., and Brian McVeigh.  Defendants intended to carry out actions that would end the lives of persons residing in the Khobar Towers complex, including the lives of Michael Heiser, Leland Timothy Haun, Justin R. Wood, Earl F. Cartrette, Jr., and Brian McVeigh. Hizbollah's actions were undertaken at such time as they were operating for and in the service of Defendants Iran, MOIS, and the IRGC, and those Defendants are, therefore, vicariously liable to Plaintiffs.

72.    Defendants MOIS, and the IRGC are officials, agents, and/or employees of Iran who performed acts within the scope of their offices, agencies, and/or employment, which caused the extrajudicial killings of Michael Heiser, Leland Timothy Haun, Justin R. Wood, Earl F. Cartrette, Jr., and Brian McVeigh.

73.    For the reasons stated above, Defendants MOIS, and the IRGC, are jointly and severally liable to Plaintiffs.

17

Plaintiffs collectively demand that judgment be entered against Defendants MOIS, and the IRGC, jointly and severally, in the amount of FIVE HUNDRED MILLION DOLLARS ($500,000,000).

## PRAYER FOR RELIEF

Plaintiffs request that the Court grant judgment in their favor and against Defendants Iran, MOIS, and the IRGC on Counts I through VII, and grant Plaintiffs:

A.      Compensatory damages against Defendants Iran, MOIS, and the IRGC, in the amount of EIGHT HUNDRED NINETY MILLION DOLLARS ($890,000,000), plus economic damages in an amount to be determined at trial for each of Decedents' Estates;

B.      Punitive damages against Defendants MOIS and the IRGC in the amount of FIVE HUNDRED MILLION DOLLARS ($500,000,000);

C.      Reasonable costs and expenses;

D.      Reasonable attorneys' fees; and

E.      Such other and further relief that the Court may determine to be just and equitable under the circumstances.

Respectfully submitted,


_____/s/_____
Shale D. Stiller, D.C. Bar No. MD00772
Kurt J. Fischer, D.C. Bar No. MD03300
Elizabeth R. Dewey, D.C. Bar No. 445334
Hank B. Walther, D.C. Bar No. 477218
Melissa L. Mackiewicz, D.C. Bar No. MD27005

PIPER RUDNICK LLP
1200 Nineteenth Street, N.W.
Washington, D.C. 20036-2412
Tel: (202) 861-3941
Fax: (202) 223-2085

Attorneys for Plaintiffs


**July 7, 2004**