THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ESTATE OF MICHAEL HEISER, et. al. | ) | |
| | ) | |
| Plaintiffs | ) | **00-CV-02329 (RCL)** |
| v. | ) | |
| ISLAMIC REPUBLIC OF IRAN, et al. | ) | |
| Defendants | ) | **Consolidated With** |
| | ) | |
| ESTATE OF MILLAR D. CAMPBELL, et al | ) | |
| | ) | |
| Plaintiffs | ) | **01-cv-02104 (RCL)** |
| v. | ) | |
| ISLAMIC REPUBLIC OF IRAN, et. al. | ) | |
| | ) | |
| Defendants | ) | |

**MEMORANDUM OPINION**

These consolidated actions, which are now in the post-judgment phase, arise from the 1996 terrorist bombing of the Khobar Towers, a residential complex on a United States military base in Dhahran, Saudi Arabia. *See Heiser v. Islamic Republic of Iran*, 466 F. Supp. 2d 229 (D.D.C. 2006) (Lamberth, J.). At the time of the attack, the Khobar Towers housed members of the United States Air Force. Plaintiffs are the family members and estates of 17 of the 19 officers and airmen who were killed in the bombing. Pursuant to 28 U.S.C. § 1605(a)(7) of the Foreign Sovereign Immunities Act (FSIA), plaintiffs litigated this civil action against defendants the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guard Corp. The defendants did not appear in these actions, and, consistent with 28 U.S.C. § 1608(e), this Court ultimately entered a default judgment in favor of plaintiffs in the amount of $254,431,903.00. To date, that judgment remains unsatisfied.

Last year, the 2008 National Defense Appropriations Act ("NDAA") ushered in sweeping changes in the law with respect to civil actions against state sponsors of terrorism. *See* Pub. L. No. 110-181, 122 Stat. 3, § 1083. *See also Simon v. Republic of Iraq*, 529 F.3d 1187 (D.C. Cir. 2008) (construing § 1083 and discussing changes in the law with respect to actions against state sponsors of terrorism). Among other changes, Section 1083 of the NDAA repeals § 1605(a)(7) and replaces that provision with an entirely new state sponsor of terrorism exception, 1605A. This new enactment is much more advantageous to plaintiffs than §1605(a)(7) in many signifcant respects. For instance, in actions under §1605A, plaintiffs may now seek an award of punitive damages against states sponsors of terrorism.

In an effort to lay claim to an award of punitive damages against Iran and to achieve all the benefits of the new statute, plaintiffs, consistent with § 1803(c)(2) of the NDAA, filed a motion requesting that this Court convert their prior action under § 1605(a)(7) to a new action under the terms of § 1605A. This Court granted plaintiffs' motion on January 13, 2008. *See* Dk. # 143. Consistent with that ruling, this Court is now in the process of reviewing plaintiffs' recommendations with respect to additional damages now available to these plaintiffs by virtue of § 1605A.

In the motion now pending, plaintiffs ask this Court to provide a form and procedure for *Lis Pendens*, one of the many new entitlements now available to FSIA plaintiffs who maintain their actions under § 1605A. Specifically, plaintiffs rely on 28 U.S.C. § 1605A(g). That new provision provides as follows:

>     (g) PROPERTY DISPOSITION.—
>
>         (1) IN GENERAL.—In every action filed in a United States district court in which jurisdiction is alleged under this section, the filing of a notice of pending action pursuant to this section, to which is attached a copy of the complaint filed in the action, shall have the effect of establishing a lien of lis pendens upon any real property or tangible personal property that is—
>             (A) subject to attachment in aid of execution, or execution, under section 1610;
>             (B) located within that judicial district; and
>             (C) titled in the name of any defendant, or titled in the name of any entity controlled by any defendant if such notice contains a statement listing such controlled entity.
>         (2) NOTICE.—A notice of pending action pursuant to this section shall be filed by the clerk of the district court in the same manner as any pending action and shall be indexed by listing as defendants all named defendants and all entities listed as controlled by any defendant.
>         (3) ENFORCEABILITY.—Liens established by reason of this subsection shall be enforceable as provided in chapter 111 of this title.

Generally speaking, *lis pendens* is a doctrine of state law that enables parties involved in litigation over real property to file notices with the Court indicating that any rights concerning that property are subject to the outcome of the civil litigation. *See* 51 Am. Jur. 2d *Lis Pendens* § 2 (2008). Technically speaking, a notice of *lis pendens* is not a lien, but, assuming the proper procedures are adhered to, the legal effect of the notice is that any third-party purchaser who receives title to the property is bound by the outcome of the civil case, without any additional rights to the property. *See id.* Because a notice of *lis pendens* severely undermines the alienability of property, the procedure is usually limited to lawsuits that directly concern the right to own or use real property. *See id at § 8.* Some jurisdictions, however, have allowed the doctrine to be used in a broader range of civil actions. *See Id.*

Prior to the enactment of § 1083, federal courts did not have procedures for the filing of notices of *lis pendens*. *See* Elsea, Jennifer K., *Suits Against State Sponsors of Terrorism,* Congressional Research Serv. Rep. RL31258*,* p. 51 (updated August 8, 2008). To the extent that parties in civil actions in the federal courts had any right to avail themselves of *lis pendens*, it was a right only to be found in the laws of the state jurisdictions and administered through the state courts exclusively. *Id*. Now that § 1605A(g) is on the books, however, litigants pursuing civil cases against state sponsors of terrorism are entitled to a federal *lis pendens* procedure administered through the federal courts. No other federal civil actions qualify for such an extraordinary measure.

The new power of *lis pendens* afforded to FSIA plaintiffs under § 1605A is exceedingly broad. At the very outset of civil action against state sponsors of terrorism, plaintiffs may file a notice in any federal district court "establishing a lien of *lis pendens* on *any* real property or *any* tangible personal property" located within that federal district, provided such property is subject to attachment in aid of execution, or execution, of the civil judgment that may be entered in the plaintiffs' case. *See* § 1605A(g)(1) (emphasis added). This new statutory provision offers little in terms of specific guidance for how federal courts might implement *lis pendens*. Thus, the devil may be in the details with respect to this new federally required and federally administered procedure. This Court suspects that a variety of legal challenges and practical difficulties may arise as plaintiffs in these terrorism cases initiate liens of *lis pendens* in federal judicial districts throughout the country.

While the precise scope, application, and effectiveness of liens of *lis pendens* under § 1605A(g) remains to be seen, such concerns need not distract the Court at this time. In their

motion, the plaintiffs in *Heiser* and *Campbell* merely ask that this Court establish the basic form and procedure that they may use to begin filing their notices of *lis pendens* in accordance with the new law. The procedures that the plaintiffs have proposed in this instance are reasonable and consistent with both the terms of § 1605A(g) and the general practice of registering judgments on a district court's miscellaneous docket. Accordingly, a separate order granting the proposed form and procedure will be issued this date. If at some future point in time the procedure approved here appears to be in need of refinement, this Court may revisit this matter *sua sponte* as the process moves forward.

**ROYCE C. LAMBERTH**
**Chief Judge**

**Signed on March 31, 2009**