THE UNITED STATES DISTRICT COURT
FOR THIS DISTRICT OF COLUMBIA

| | |
|---|---|
| ESTATE OF MICHAEL HEISER, et al. <br><br> Plaintiffs <br><br> v. <br><br> ISLAMIC REPUBLIC OF IRAN, et al. <br><br> Defendants | Case No. <br><br> 00-CV-02329 (RCL) <br><br> **Consolidated With** |
| ESTATE OF MILLARD D. CAMPBELL, et al. <br><br> Plaintiffs <br><br> v. <br><br> ISLAMIC REPUBLIC OF IRAN, et al. <br><br> Defendants | Case No. <br><br> 01-CV-02104 (RCL) |

**PLAINTIFFS' MOTION TO REVIVE**
**JUDGMENT ENTERED SEPTEMBER 30, 2009**

Plaintiffs (1) the Estate of Michael Heiser, deceased; (2) the Estate of Gary Heiser, deceased; (3) the Estate of Francis Heiser, deceased; (4) the Estate of Leland Timothy Haun, deceased; (5) Ibis S. Haun; (6) Milagritos Perez-Dalis; (7) the Estate of Senator Haun, deceased; (8) the Estate of Justin R. Wood, deceased; (9) Richard W. Wood; (10) Kathleen M. Wood; (11) Shawn M. Wood; (12) the Estate of Earl F. Cartrette, Jr., deceased; (13) Denise M. Eichstaedt; (14) Anthony W. Cartrette; (15) Lewis W. Cartrette; (16) the Estate of Brian McVeigh, deceased; (17) the Estate of Sandra M. Wetmore, deceased; (18) James V. Wetmore; (19) the Estate of Millard D. Campbell, deceased; (20) Marie R. Campbell; (21) the Estate of Bessie A. Campbell, deceased; (22) the Estate of Kevin J. Johnson, deceased; (23) Shyrl L. Johnson; (24) Che G. Colson; (25) Kevin Johnson; (26) Nicholas A. Johnson; (27) Estate of Laura E. Johnson, deceased; (28) Bruce Johnson; (29) the Estate of Joseph E. Rimkus, deceased; (30) Bridget

Brooks; (31) the Estate of James R. Rimkus, deceased; (32) Anne M. Rimkus; (33) the Estate of Brent E. Marthaler, deceased; (34) Katie Lee Eicher f/k/a Katie L. Marthaler; (35) the Estate of Sharon Marthaler, deceased; (36) Herman C. Marthaler III; (37) Matthew Marthaler; (38) Kirk Marthaler; (39) the Estate of Thanh Van Nguyen, deceased; (40) Christopher R. Nguyen; (41) the Estate of Joshua E. Woody, deceased; (42) Dawn Woody; (43) Bernadine R. Beekman; (44) George M. Beekman; (45) Tracy M. Smith; (46) Jonica L. Woody; (47) Timothy Woody; (48) the Estate of Peter J. Morgera, deceased; (49) Michael Morgera; (50) Thomas Morgera; (51) the Estate of Kendall Kitson, Jr., deceased; (52) the Estate of Nancy R. Kitson, deceased; (53) the Estate of Kendall K. Kitson, Sr., deceased; (54) Steve K. Kitson; (55) Nancy A. Kitson; (56) the Estate of Christopher Adams, deceased; (57) Catherine Adams; (58) John E. Adams; (59) Patrick D. Adams; (60) Michael T. Adams; (61) Daniel Adams; (62) Mary Kowalchuk, f/k/a Mary Young; (63) Elizabeth Wolf; (64) William Adams; (65) the Estate of Christopher Lester, deceased; (66) Cecil H. Lester; (67) Judy Lester; (68) Cecil H. Lester, Jr.; (69) Jessica F. Hatfield, f/k/a Jessica F. Lester; (70) the Estate of Jeremy A. Taylor, deceased; (71) Lawrence E. Taylor; (72) Vickie L. Taylor; (73) Starlina D. Taylor; (74) the Estate of Patrick P. Fennig, deceased; (75) Thaddeus C. Fennig; (76) Catherine Fennig; (77) Paul D. Fennig; and (78) Mark Fennig (collectively, the "Plaintiffs"), by their undersigned attorneys DLA Piper LLP (US), hereby move this Court for the entry of an Order of Revival of the Order & Judgment and Memorandum Opinion entered by this Court in these consolidated cases on September 30, 2009. In support thereof, the Plaintiffs state as follows:

## **INTRODUCTION**

The Plaintiffs are the family members and personal representatives of the estates of the United States Air Force personnel who were victims of the 1996 terrorist bombing of the Khobar

Towers in Saudi Arabia.  By this motion (the "Motion"), the Plaintiffs seek an Order of Revival of the Order & Judgment and Memorandum Opinion entered by this Court in these consolidated cases on September 30, 2009 (collectively, the "Supplemental Judgment")[1] against the Islamic Republic of Iran ("Iran"), the Iranian Ministry of Information & Security ("MOIS"), and the Iranian Revolutionary Guard Corps ("IRGC" and together with Iran and the MOIS, the "Defendants").  As set forth in more detail herein, pursuant to applicable law, the Supplemental Judgment is only enforceable for a period of twelve years from the date when an execution might first be issued thereon, unless extended by an order of revival.  If entered, an order of revival would extend enforceability of the Supplemental Judgment for an additional twelve years.

Since entry of the Supplemental Judgment almost twelve years ago, the Plaintiffs have been diligently attempting to collect on the Supplemental Judgment in the United States, Canada, and the United Kingdom.  Monies have been recovered on the Supplemental Judgment; however, the Supplemental Judgment has not been fully satisfied.  Accordingly, the Plaintiffs request that the Court enter an order of revival extending the enforceability of the Supplemental Judgment for an additional twelve years so that they may continue to attempt to collect on it.

## STATEMENT OF FACTS

1.      The Plaintiffs consist of family members and personal representatives of the estates of seventeen of the nineteen U.S. Air Force officers and airmen killed in the June 25, 1996 terrorist bombing of the Khobar Towers in Khobar, Saudi Arabia.

---

[1] The Memorandum Opinion appears at Docket No. 134 in Case No. 01-CV-02104 (RCL) and Docket No. 146 in case No. 00-CV-02329 (RCL).  The Order & Judgment appears at Docket No. 135 in Case No. 01-CV-02104 and Docket No. 147 in Case No. 00-CV-02329 (RCL).

2.      The Plaintiffs brought claims against the Defendants in these consolidated actions for wrongful death, personal injury, and intentional infliction of emotional distress arising from the Khobar Towers bombing.

3.      The Court entered an Order & Judgment and Memorandum Opinion in these consolidated cases on December 22, 2006 against the Islamic Republic of Iran, in the amount of $254,431,903.00 (the "2006 Judgment").

4.      The Court entered the Supplemental Judgment in these consolidated cases against the Defendants on September 30, 2009, in the amount of  $336,658,063.00.

5.      The Plaintiffs moved to revive and extend the 2006 Judgment on March 1, 2018. *See*  Docket No. 169 in Case No. 01-CV-02104 (RCL) and Docket No. 291 in case No. 00-CV-02329 (RCL).  The Court entered the Order reviving the 2006 Judgment on March 30, 2018.  *See* Docket No. 172 in Case No. 01-CV-02104 (RCL) and Docket No. 294 in case No. 00-CV-02329 (RCL).

6.      The Plaintiffs now seek to also extend the Supplemental Judgment.

## ARGUMENT

D.C. Code § 15-101(a) provides that a judgment or decree for the payment of money issued by the United States District Court for the District of Columbia is enforceable for a period of twelve (12) years.   The Supplemental Judgment was entered on September 30, 2009. Accordingly, absent an order of revival, the Supplemental Judgment will expire on September 30, 2021.

However, D.C. Code § 15-103 states that an "order of revival issued upon a judgment or decree during the period of twelve years from the rendition . . . extends the effect and operation

of the judgment or decree with the lien thereby created and all the remedies for its enforcement"

for an additional twelve (12) years.

Although there is little case law on revival, courts in this jurisdiction routinely grant orders to revive judgments pursuant to D.C. § 15-103.  *See, e.g., United States v. Cortez W. Peters Business College*, 1988 WL 145116 at *1 (D.C. Cir. Dec. 30, 1988) ("When a motion for renewal of a money judgment is made within the twelve-year period prescribed in D.C. Code § 1501(a), an order extending judgment that is entered after expiration of the statutory period is valid and enforceable."); *Michael v. Smith*, 221 F.2d 59 (D.C. Cir. 1955) (holding that a judgment creditor need only to make a motion to revive the judgment within the twelve-year enforcement period in order to revive the judgment for another twelve years).  In addition, this Court has granted orders of revival to similarly situated judgment creditors of Iran, including the Plaintiffs' 2006 Judgment.  *See, e.g., Jenny Rubin, et. al. v. The Islamic Republic of Iran, et al.*, Case No. 01-1655 (RCL) (granting order of revival in May 2015); *Stethem, et al. v. Islamic Republic of Iran*, Case No. 1:00-cv-00159 (RCL) (granting order of revival in May 2014); *Holland, et al. v. Islamic Republic of Iran, et al.*, Case No. 1:01-cv-01924 (CKK) (granting order of revival in January 2018); *Acosta, et al. v. Islamic Republic of Iran, et al.*, Case No. 06-cv-00745 (RCL) (granting order of revival in July 2020).

This Motion is made before the twelve-year enforcement period of the Supplemental Judgment has expired.  Since the Supplemental Judgment was entered, the Plaintiffs have been diligently attempting to collect on the Supplemental Judgment in the United States, the United Kingdom, and Canada.  Despite these efforts, a large portion of the Supplemental Judgment remains unsatisfied.  Therefore, the Plaintiffs respectfully request that the Supplemental

Judgment, like the 2006 Judgment, be revived for an additional twelve years so that the Plaintiffs may continue their collection efforts.

WHEREFORE, the Plaintiffs respectfully request that this Court enter an order:

(A)  Granting the Motion;

(B)  Reviving the Supplemental Judgment pursuant to D.C. Code § 15-103 for an additional twelve years from the date of the order;

(C)  Granting such other and further relief as is just and appropriate under the circumstances.

Respectfully submitted,

Dated: July 14, 2021

*/s/ Richard M. Kremen*
Richard M. Kremen (DC Bar No. 195073)
DLA Piper LLP (US)
6225 Smith Ave.
Baltimore, MD 21209
Telephone:  410-580-4191
Facsimile:  410-580-3191
Richard.Kremen@dlapiper.com

*Attorney for Plaintiffs Estate of Michael Heiser, et al.*